[692 NYS2d 742]

In the Matter of DOROTHY S. VIVAS (Admitted as DOROTHY FRANCES STEUBER VIVAS), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, July 19, 1999

**APPEARANCES OF COUNSEL**

*Gary L. Casella,* White Plains (*Matthew Renert* of counsel), for petitioner.

*Jerome Karp, P. C.,* Brooklyn, for respondent.

### OPINION OF THE COURT

Per Curiam.

The respondent was served with a petition dated July 1, 1998, containing four charges of professional misconduct against her. After a hearing, the Special Referee sustained all four charges. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems just and proper. The respondent requests that the proceeding be referred back to the Grievance Committee for the issuance of a reprimand.

Charge One alleged that the respondent willfully engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]).

In or about 1993 the respondent was retained by Lena Miccarelli to pursue a medical malpractice claim against, among others, two physicians. In or about June 1996 the respondent advised Ms. Miccarelli that the defendant physicians had brought a motion for summary judgment dismissing her complaint against them. At the time, the respondent was aware that no such motion was pending.

Charge Two alleged that the respondent engaged in conduct adversely reflecting upon her fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]), based on the facts alleged in Charge One.

Charge Three alleged that the respondent willfully engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]).

Ms. Miccarelli requested that the respondent provide her with a copy of the motion for summary judgment. The respondent then fabricated a notice of motion from the firm of Ellenburg & Hudson, which represented the physician defendants, and a supporting affirmation in the name of Suzanne Rapisarda, an attorney who was employed by that firm. Additionally, the respondent fabricated a supporting affidavit by an unnamed physician witness. She then provided these fabricated documents to Ms. Miccarelli under the pretense of authenticity.

Charge Four alleged that the respondent engaged in conduct adversely reflecting upon her fitness to practice law, in viola-

tion of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]), based on the facts set forth in Charge Three.

Based on the uncontroverted facts and the respondent's admissions, the Special Referee properly sustained Charges One through Four. The Grievance Committee's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, the respondent asks the Court to consider her expressed remorse, her total cooperation with the Grievance Committee, and the severe pressures she was under at the time. The respondent was working on a per diem basis for several attorneys as well as handling her own cases. At the time of the incident, the respondent did not have her own office or any secretarial staff. Additionally, the respondent was deeply involved in the care of her father, who was totally incapacitated and residing in her home. She was also involved in the care of her grandson, who is moderately retarded and suffers from pervasive developmental disability.

The respondent's character witnesses testified as to her reputation for honesty, integrity, and forthrightness. A number of letters were submitted on the respondent's behalf, including letters from the Honorable Arthur D. Spatt and Mark Longo, Esq., Chair of the Grievance Committee for the Second and Eleventh Judicial Districts. The character evidence highlighted the respondent's excellent reputation and the aberrational nature of her misconduct. Additionally, the papers include a letter from Suzanne Rapisarda, the defense attorney in whose name the respondent made the bogus summary judgment motion, attesting to the respondent's moral character and ethics and the unlikelihood that this will be repeated.

Notwithstanding the mitigation advanced by the respondent and the character evidence adduced, it is undisputed that she, an experienced attorney, fabricated a set of motion papers to assuage a dissatisfied client. Under the totality of circumstances, the respondent is suspended from the practice of law for a period of two years.

MANGANO, P. J., BRACKEN, S. MILLER, O'BRIEN and McGINITY, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Dorothy S. Vivas, is suspended from the practice of law for a period of two years, commencing

August 23, 1999, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the two-year period, upon furnishing satisfactory proof that (a) during that period she refrained from practicing or attempting to practice law, (b) she has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), and (c) she has otherwise properly conducted herself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Dorothy S. Vivas, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law.